UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| KEITH WARE | : | |
| | : | |
| v. | : | C.A. No. 07-392ML |
| | : | |
| RICARDO MARTINEZ, Warden | : | |
| U.S.P. Allenwood | : | |

**REPORT AND RECOMMENDATION**

Lincoln D. Almond, United States Magistrate Judge

Before the Court is the request of Petitioner Keith Ware to file his Petition for Writ of Habeas Corpus without prepayment of fees pursuant to 28 U.S.C. § 1915, i.e., in forma pauperis ("IFP"). (Document No. 2). For the reasons stated below, I recommend that Petitioner's Request to Proceed IFP be DENIED and that his Petition for Writ of Habeas Corpus pursuant to Title 28 U.S.C. § 2241 (Actual Innocence) (Document No. 1) be DISMISSED WITH PREJUDICE.

**Background**

Petitioner was convicted of being a felon in possession of a firearm after a two-day jury trial held in February 1995. See United States v. Ware, CR No. 94-69T. Prior to trial, the Government filed an information establishing prior convictions pursuant to the Armed Career Criminal Act, and Petitioner ultimately received a twenty-five year prison sentence which he is currently serving in federal prison. Petitioner unsuccessfully appealed his conviction and, in 1998, filed an unsuccessful Post-conviction Motion to Vacate pursuant to 28 U.S.C. § 2255. See Ware v. United States, C.A. No. 98-408T.

On August 22, 2007, Petitioner filed a second post-conviction action pursuant to 28 U.S.C. § 2254 and the All Writs Act, 28 U.S.C. § 1651. See Ware v. Minor, C.A. No. 07-317T. On

September 24, 2007, Magistrate Judge Martin issued a Report and Recommendation in that case which identified three grounds for dismissal:

1. Lack of jurisdiction under 28 U.S.C. § 2254 since Petitioner is a federal, not a state, prisoner;

2. Lack of jurisdiction under 28 U.S.C. § 2255 since Petitioner had not obtained certification from the First Circuit to pursue a second or successive petition; and

3. Lack of jurisdiction under 28 U.S.C. § 1651 pursuant to United States v. Barrett, 178 F.3d 34, 38 (1st Cir. 1999) (Petitioner "cannot evade the restrictions of § 2255 by resort to the habeas statute, 28 U.S.C. § 2241, or the All Writs Act, 28 U.S.C. § 1651.").

That Report and Recommendation is currently pending before Senior Judge Torres.

**Discussion**

This Petition is plainly a response to Magistrate Judge Martin's Report and Recommendation in C.A. No. 07-317T. The Petition was filed less than one month after the Report and Recommendation was issued, and is nearly identical to the most recent Petition. Compare Document No. 1 in C.A. No. 07-317T with Document No. 1 in C.A. No. 07-392ML. The only difference is that Petitioner has changed the legal basis for his Petition from § 2254 and the All Writs Act to § 2241. Petitioner's attempt to cloak the correct legal grounds for his case in an effort to resuscitate his failed post-conviction challenge is legally unavailing.

I concur with the analysis of Magistrate Judge Martin and incorporate his Report and Recommendation by reference. See Document No. 3 in C.A. No. 07-317T. Despite Petitioner's attempt to disguise the true nature of this case, it is plainly a third application for relief under 28 U.S.C. § 2255. Thus, Petitioner must first obtain authorization from the First Circuit before

proceeding in this Court which he has not done. See 28 U.S.C. §§ 2244 and 2255; United States v. Barrett, 178 F.3d at 41. Further, Petitioner "cannot evade the restrictions of § 2255 by [reference] to the habeas statute, 28 U.S.C. § 2241...." Id. at 38.

**Conclusion**

Accordingly, pursuant to 28 U.S.C. § 1915(e)(2), I recommend that Petitioner's Request to Proceed IFP (Document No. 2) be DENIED and that this third Petition for Post-conviction Relief (Document No. 1) be DISMISSED WITH PREJUDICE for the reasons discussed above.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within ten (10) days of its receipt. See Fed. R. Civ. P. 72(b); LR Cv 72. Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision. See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

/s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
October 25, 2007